NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SONIA ELIZABETH RODAS DE
VASQUEZ; DAVID ELEAZAR
VASQUEZ RODAS; JORGE ENRIQUE
VASQUEZ RODAS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2561

Agency Nos.
A216-274-920
A216-274-921
A216-274-922

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2025**
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON,
District Judge.***

Petitioners Sonia Elizabeth Rodas De Vasquez ("De Vasquez") and her two

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Jane Magnus-Stinson, United States District Judge for the
Southern District of Indiana, sitting by designation.

sons seek review of a Board of Immigration Appeals ("BIA") decision affirming a decision by an Immigration Judge ("IJ") denying Petitioners' applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners have both waived and failed to exhaust any argument (1) as to the IJ's conclusion that Petitioners' particular social group was not cognizable because it is impermissibly defined by the asserted harm and (2) that Petitioners had failed to show that the government was unwilling or unable to control the private actors that Petitioners fear. These issues are unexhausted because Petitioners did not contest these conclusions on appeal to the BIA. And in their briefing to this court Petitioners have not challenged the BIA's conclusion that Petitioners had waived any challenge to these findings. Thus Petitioners have both failed to exhaust and waived any argument regarding the BIA's decision affirming the IJ's findings on these issues. *See* 8 U.S.C. § 1252(d)(1); Fed. R. App. P. 28(a)(8)(A); *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). This failure is dispositive of their claims for both asylum and withholding of removal. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011).

By failing to discuss the agency's denial of CAT protection in their briefing, Petitioners have also waived any challenge to the denial of that relief. *See, e.g.,* *Velasquez-Gaspar*, 976 F.3d at 1065.

**PETITION DENIED.**